CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. The plaintiffs, Ethel Carmouche and Joseph Carlton Paddio, were passengers in a vehicle being driven by the defendant, Eva Dell Thibodeaux. This vehicle collided with a pickup truck being driven by the defendant, Wilber Lyons. The district judge found both drivers negligent. Only the defendant Lyons and his insurer have appealed.
The issue on appeal is whether Lyons was negligent.
The facts are that on a rainy December night, at about 7:00 p. m., the defendant Lyons was driving his pickup truck in a northerly direction on Louisiana Highway 182, a two-lane highway. Mrs. Thibo-deaux was driving her car in an easterly direction on a gravel road which intersects the west side of Highway 182 at a “T” intersection. There is a stop sign requiring traffic on the gravel road to stop and yield the right of way to vehicles on Highway 182.
Mrs. Thibodeaux testified that she stopped at the sign and saw the lights of the Lyons vehicle approaching from the south. She even says she recognized the Lyons vehicle as being a pickup truck. She says that she then entered the intersection in “second” gear and that her brother, Carlton, said “Look out for that car.” Nevertheless, Mrs. Thibodeaux testified she had completed her turn and had gone “about a mile” on the highway when the Lyons truck tried to pass her on the right-hand shoulder and the left front of the truck struck the right front door of the Thibodeaux automobile.
Joseph Paddio was sitting on the right on the front seat. He testified that when the Thibodeaux vehicle reached the stop sign he rolled down the window and saw a “pick-up truck” coming and told the driver she had time to make her turn. He said the collision occurred about “two blocks” north of the intersection. But he said the Thibodeaux car came to rest against a fence at a driveway, which the state trooper measured at 152 feet from the intersection.
The defendant Lyons testified he was going 50 to 55 miles per hour (the speed limit was 60 miles per hour) and that he saw the Thibodeaux vehicle when it was about two car-lengths from the intersection. Lyons says the Thibodeaux car did not stop, but instead that it slowed down and entered the intersection when he was about seven car-lengths away. Then she turned to the left on the highway immediately in his path. Lyons testified he blew his horn and applied his brakes and turned to the right in an effort to go onto the shoulder and pass the Thibodeaux vehicle on its right. Nevertheless, the left front of his pickup truck struck the right front door of the Thibodeaux automobile while the vehicles were in or very near the intersection.
The state trooper who investigated the accident testified he found the Thibodeaux vehicle had come to rest against the corner of a fence at a driveway on the west side of the highway. He measured the distance from the Thibodeaux car to the intersection by pacing and found it to be 152 feet. There is no evidence to show this driveway is more than 152 feet from the intersection. The trooper also said Mr. Lyons stated that his truck stopped approximately 140 feet from the intersection. There were no skidmarks or debris to indicate the *613 point of impact, but the trooper estimated from the circumstances that the collision occurred at the intersection. The trooper was also of the opinion that Lyons was traveling about the speed limit of 60 miles per hour.
Under the above testimony the trial judge was clearly correct in holding Mrs. Thibodeaux negligent in failing to yield the right of way and entering the intersection at a time when it was unsafe to do so. From the testimony of Mrs. Thibodeaux and Carlton Paddio it is clear that at the time they saw the truck it was close enough to the intersection for them to recognize it as a “pickup truck”. Clearly, she entered the intersection at a time when it was unsafe to do so.
However, we are unable to agree with the district judge that Lyons was negligent. There is no evidence that he was exceeding the speed limit of 60 miles per hour. He testified he was going 50 to 55 miles per hour. The state trooper estimated his speed at about 60. Neither the impact of the vehicles nor the distances that they traveled after the accident indicate excessive speed by Lyons.
In his written reasons for judgment the district judge states the impact occurred approximately 160 feet from the intersection. It is true that Mrs. Thibodeaux testified she had completed her turn and had gone “about a mile”, and that Carlton Pad-dio testified the impact occurred about “two blocks” from the intersection. But in our view, the evidence shows it is physically impossible for the impact to have occurred 160 feet from the intersection. The Thibodeaux vehicle came to rest only 152 feet from the intersection, and that was after it had been struck at or near the intersection and then crossed the highway, gone through a ditch and struck the fence on the west side of the highway.
Furthermore, if the collision occurred 160 feet from the intersection, it would mean that Lyons went onto the east shoulder and traveled along that shoulder for a distance of 160 feet before striking the Thibodeaux automobile. This is highly improbable under the physical facts.
The evidence as a whole clearly shows the initial impact was at or very near the intersection, and that the accident was caused entirely by Mrs. Thibodeaux failing to yield the right of way and entering the intersection at a time when it was unsafe to do so. Mr. Lyons was traveling at a legal speed, he was keeping a proper lookout because he saw the Thibodeaux automobile approaching the stop sign. Even the trial judge holds Mrs. Thibodeaux entered the intersection at a time when Lyons was too close for safety. Lyons could not have passed on her left, because he might have struck her broadside. He tried to go around on the right-hand shoulder but was unable to avoid the collision.
For the reasons assigned, the judgment appealed is reversed and set aside insofar as it holds Wilber J. Lyons and his insurer, Safeco Insurance Company, liable. Judgment is now entered in favor of these defendants rejecting plaintiffs’ demands against them at plaintiffs’ costs. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiffs appellees.
Reversed in part, affirmed in part and rendered.
WATSON, J., dissents and assigns written reasons.